Filed 8/16/23  P. v. Smith CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B328488 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA079754, BR055479) |
| v. | |
| DONNELL SMITH, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Donnell Smith (defendant) appeals from the judgment of conviction following his plea of no contest.  After his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues, we directed counsel to send defendant the record of appeal and a copy of counsel's brief.  Defendant then had leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish us to consider.  That time has passed, and

defendant submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, we affirm the judgment.

Defendant was charged on August 4, 2021, with felony robbery in violation of Penal Code section 211.[1]  The district attorney alleged that defendant unlawfully took, by force and fear, personal property from Mohamed N. on August 16, 2020.  The complaint was later amended to add a count for battery in violation of section 242.

On the date set for trial, defendant entered a plea of no contest to the battery charge.  The court, pursuant to the plea agreement, ordered imposition of sentence suspended and defendant was placed on summary probation for 12 months.  As terms and conditions of probation defendant was ordered to serve 41 days in county jail less credit of 41 days, ordered to pay restitution pursuant to section 1202.4, subd. (f), and ordered to stay at least 400 yards from Nagi's Electronics in Palmdale.

Defendant did not obtain a certificate of probable cause, but filed a timely notice of appeal of his conviction.  Upon receipt of his notice of appeal, this court entered an order limiting the appeal to issues that do not require a certificate of probable cause.  Section 1237.5 states that " '[*n*]*o appeal* shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . .' in the absence of a certificate of probable cause." (*People v. Johnson* (2009) 47 Cal.4th 668, 681.)  The sole exception to this requirement applies when the appeal is taken " . . . solely on noncertificate grounds, which go to postplea

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

matters not challenging his plea's validity and/or matters involving a search or seizure whose lawfulness was contested pursuant to section 1538.5." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists.  We conclude defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received an adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.
NOT TO BE PUBLISHED.

_____

LUI, P. J.              CHAVEZ, J.              HOFFSTADT, J.